UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN DEARDORFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:20-CV-01574-SEP |
| | ) |
| DEWAYNE HENDRIX, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by convicted federal prisoner Ryan Deardorff (Doc. [1]). Petitioner, currently incarcerated at a federal corrections facility in Arkansas, seeks release to home confinement in Missouri. Petitioner argues that the conditions of his confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment. After reviewing the petition and attached memorandum in support, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Eastern District of Arkansas.

### Background

On June 27, 2018, Petitioner Ryan Deardorff pleaded guilty to two counts of receipt of child pornography, *United States v. Deardorff*, No. 4:17-CR-00282-RLW, Doc. [61] (E.D. Mo. June 27, 2017), and on January 9, 2019, he was sentenced by the Honorable Ronnie L. White, of this Court, to concurrent terms of sixty (60) months on each count. *Id.* at Doc. [105]. Petitioner is currently incarcerated with the Bureau of Prisons at FCI Forrest City Low in Arkansas. *Id.* at Doc. [108]. On June 16, 2020, Petitioner filed a motion in his criminal case seeking compassionate release, arguing that his age and medical history put him at a high risk for contracting the COVID-19 virus at FCI Forrest City Low. *Id.* at Doc. [112]. That motion was

denied by this Court on August 10, 2020, after a complete review of the motion on the merits. *Id.* at Doc. [123].

## Instant Petition

On November 3, 2020, Petitioner filed this 28 U.S.C. § 2241 action, arguing that his continued incarceration violates the Eighth Amendment's prohibition on cruel and unusual punishment because he is a high-risk inmate in a "COVID-19 hot bed" facility with an "absence of proper implementation of corrective policies." Doc. [1] at 2; Doc. [1-1] at 16. Petitioner also asserts that Respondent has been deliberately indifferent to his medical care needs in not properly treating and medicating his anxiety and depression. Doc. [1] at 6.

## Discussion

The Court notes that both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 confer jurisdiction over habeas petitions filed by federal inmates challenging their convictions or sentences. "The exact interplay between § 2241 and § 2255 is complicated." *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir. 2012). However, the Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence . . . [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241" instead of under section 2255. *United States v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976). In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241." *United States v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

In this case, Petitioner has not filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court. Doc. [1] at 3. Also, Petitioner states that his

instant petition is not "challenging the validity of [his] conviction or sentence as imposed." *Id.* Petitioner left blank the section on his form complaint where he was asked to "[e]xplain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge [his] conviction or sentence." *Id.* at 4.

Petitioner clearly intends to bring a habeas petition under § 2241, not § 2255.  But jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present.  *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Here, Petitioner is not confined within the Eastern District of Missouri, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction. Petitioner is incarcerated in a federal facility in Forrest City, Arkansas, located in St. Francis County, which is within the jurisdiction of the United States District Court for the Eastern District of Arkansas.  *See* 28 U.S.C. § 83(a)(2).

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought.  Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred.  The Court notes that the district of confinement is "normally the forum most convenient to the parties." *McCoy*, 537 F.2d at 966.  As such, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Eastern District of Arkansas.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Eastern District of Arkansas.

Dated this 13th day of November, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE